UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH G. MCGILL, <br><br> Plaintiff, <br><br> v. <br><br> THE HOME DEPOT, INC., <br><br> Defendant. | Case No.  15-cv-03029-KAW <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO REMAND** <br><br> Re: Dkt. Nos. 9-11 |

On January 20, 2015, Plaintiff Joseph G. McGill filed this case against Defendant Home Depot, Inc. in Marin County Superior Court. (Compl., Dkt. No. 1, Ex. A.) On June 30, 2015, Home Depot U.S.A., Inc. removed the case to federal court on the grounds that it was made aware on June 1, 2015 that the amount in controversy exceeded $75,000, such that there is complete diversity of citizenship between the parties.  On July 30, 2015, Plaintiff filed a motion to remand the case to state court.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and finds that Defendant's removal was timely, such that Plaintiff's motion to remand is DENIED.

## I.      BACKGROUND

On February 1, 2013, Plaintiff Joseph G. McGill was shopping at Home Depot in San Rafael, California, when he reached for an item on the shelf and the shelf collapsed onto his foot. (Compl., Dkt. No. 1, Ex. A.)  The impact allegedly caused Plaintiff to fall to the ground, and he broke his toes and sustained a knee injury. *Id.*

On January 20, 2015, Plaintiff filed a personal injury action against Home Depot in Marin County Superior Court for negligence and premises liability, in which he sought recovery of wage loss, hospital and medical expenses, general damages, and compensatory damages. (Compl. ¶¶ 10-

United States District Court
Northern District of California

1  11, 14.)  Plaintiff's complaint did not specify the amount in controversy. *See id.*  On March 13,

2  2015, Defendant filed an answer. (Dkt. No. 1, Ex. B.)  On June 3, 2015, Plaintiff filed a case

3  management statement in which he stated that his damages exceeded $100,000. (Case

4  Management Conference Statement, Dkt. No. 1, Ex. C.)

5  On June 30, 2015, Home Depot removed the case to federal court on the grounds that,

6  prior to the filing of the case management statement, it was unaware that the amount in

7  controversy exceeded $75,000, such that federal jurisdiction exists as there is complete diversity

8  of citizenship between the parties. (Not. of Removal, Dkt. No. 1.)

9  On July 30, 2015, Plaintiff filed a motion to remand the case to Marin County Superior

10  Court.  (Pls.' Mot. to Remand, "Pls.' Mot.," Dkt. No. 10.)  On August 13, 2015, Defendant filed

11  an opposition. (Def.'s Opp'n, Dkt. No. 14.)  On August 20, 2015, Plaintiff filed a reply. (Pl.'s

12  Reply, Dkt. No. 19.)

13  ## II.    LEGAL STANDARD

14  ### A.    Removal

15  District courts have jurisdiction in civil actions where there is complete diversity of

16  citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest

17  and costs.  28 U.S.C. § 1332(a).  There is a "strong presumption against removal jurisdiction."

18  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).  This principle dictates that the removal

19  statute be "strictly construed against removal jurisdiction."  *Id.* "The strong presumption against

20  removal jurisdiction means that the defendant always has the burden of establishing that removal

21  is proper," and that the court resolves all ambiguity in favor of remand to state court. *Hunter v.*

22  *Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009).

23  The procedure for removal of civil actions is governed by 28 U.S.C. § 1446.  A notice of

24  removal must be filed within 30 days after the receipt of the initial pleading or

25  > if the case stated by the initial pleading is not removable, a notice of
26  > removal may be filed within 30 days after receipt by the defendant,
     > through service or otherwise, of a copy of an amended pleading,
27  > motion, order or other paper from which it may first be ascertained
     > that the case is one which is or has become removable.

28

28 U.S.C. § 1446(b)(1),(3).  Thus, the first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  And "[t]he second thirty-day period for removal applies when 'the case stated by the initial pleading is not removable.'" *Id.* (quoting § 1446(b)(3)).

### B.    Request for Judicial Notice

As a general rule, a district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993).  "[A] court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)(quoting *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).  The court need not accept as true allegations that contradict facts which may be judicially noticed.  *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III.    DISCUSSION

### A.    Request for Judicial Notice

As a preliminary matter, Plaintiff asks that the Court take judicial notice of a purportedly true and correct copy of the proof of service of summons in the instant case. (Req. for Judicial Notice ("RJN"), Dkt. No. 11, Ex.1.)  The proof of service states that the complaint was served on January 29, 2015. *Id.*

Defendant does not oppose the request for judicial notice.

A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993).  True and correct copies of court records are not subject to reasonable dispute and are proper subjects of judicial notice.  *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Accordingly, Plaintiff's request for judicial notice is GRANTED.

United States District Court
Northern District of California

**B.      Motion to Remand**

Plaintiff moves to remand the case on the grounds that Defendant's notice of removal was untimely. (Pl.'s Mot. at 2.)  Specifically, Plaintiff contends that the service of the initial complaint on January 29, 2015 required Home Depot to file a notice of removal by February 27, 2015.[1] *Id.* Home Depot claims that removal was timely, because it first ascertained that the amount in controversy exceeded $75,000 when it was served with Plaintiff's case management conference statement, which alleged an amount in controversy that exceeds $100,000. (Def.'s Opp'n at 3.)

The Ninth Circuit has construed § 1446(b)(3) to mean that the "thirty day time period for removal starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690-91 (9th Cir. 2005).  Otherwise, the thirty-day period begins when it becomes apparent that the case has become removable by "an amended pleading, motion, order or other paper." *Id.* at 696; 28 U.S.C. § 1446(b)(3).

Plaintiff argues that removal is untimely because Defendant could have removed the action when the complaint was filed, as it was plausible that the amount in controversy requirement was met. (Pl.'s Reply at 3-4.)  Plaintiff, however, misconstrues the recent United States Supreme Court's decision in *Dart Cherokee*, which held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  In sum, *Dart Cherokee* involved whether a defendant's assertion that the amount in controversy requirement is met, absent evidence in support of the allegation, is sufficient to satisfy the "short and plain statement" requirement for removal. *Id.* at 551.  It does not stand for the proposition that the thirty-day clock for removal begins to run if it is plausible that the amount in controversy requirement is met.

---

[1] The Court notes that Plaintiff's timing computation is inaccurate, because, pursuant to Rule 6, the last day after the complaint was served would have been extended to March 2, 2015, when the thirtieth day fell on Saturday, February 28, 2015. *See* Fed. R. Civ. P. 6(a)(1)(C). This error, however, is of no consequence, since the notice of removal was not filed until June 30, 2015.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

Indeed, the Ninth Circuit has explicitly rejected the argument that a case becomes removable where the initial pleading provides a "clue" regarding removability. *Harris*, 425 F.3d at 696; *see also Ackerberg v. Citicorp USA, Inc.*, 887 F. Supp. 2d 934, 939 (N.D. Cal. 2012).  In *Harris*, the Ninth Circuit held that "jurisdictional and procedural interests [are] served by a bright-line approach" restricted to the face of the complaint. *Harris*, 425 F.3d at 696.  Here, the complaint does not affirmatively state an amount in controversy.  While the complaint's brief statement regarding Plaintiff's injuries made it possible that the amount in controversy exceeded $75,000, it did not become apparent until the June 3, 2015 case management statement, in which Plaintiff claimed that his damages exceeded $100,000.  By filing the notice of removal within 30 days of the case management statement, Defendant's removal was timely.

### IV.    CONCLUSION

For the reasons set forth above, Plaintiff's request for judicial notice is GRANTED.  Furthermore, Home Depot's notice of removal, filed within 30 days of Plaintiff's case management conference statement, was timely.  Therefore, Plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

Dated: September 15, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge

5