UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH G. MCGILL,<br>       Plaintiff,<br>   v.<br>THE HOME DEPOT, INC.,<br>       Defendant. | Case No. 15-cv-03029-KAW<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AS COUNSEL OF RECORD**<br><br>Re: Dkt. No. 26 |

  Presently, Plaintiff Joseph G. McGill is represented by attorneys Thomas G. Del Beccaro and Robert R. Pohls. On November 17, 2015, counsel moved to withdraw. (Mot., Dkt. No. 26.) Counsel states that, for over sixth months, Plaintiff has failed to communicate with counsel despite numerous attempts to contact him via telephone, email, text messages, and U.S. Mail. (Decl. of Thomas G. Del Beccaro, "Del Beccaro Decl.," Dkt. No. 26 at 5 ¶ 3.) Counsel served copies of the motion on Plaintiff via U.S. Mail. (Certificate of Service, Dkt. No. 26 at 7.) Plaintiff did not file an opposition to the motion to withdraw.

  The Court held a hearing on the motion on January 21, 2016. Attorney Thomas G. Del Beccaro appeared at the hearing. Plaintiff did not appear.

  Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The local rules further provide that if the client does not consent to the withdrawal and no substitution of counsel is filed, the motion to withdraw shall be granted on the condition that all papers from the court and from the opposing party shall continue to be served on that party's current counsel for forwarding purposes until the client appears by other counsel or pro se if the client is not a corporate entity. Civil L.R. 11-5(b).

  Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v.*

*Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). Under California Rule of Professional Conduct 3-700(C), an attorney may request permission to withdraw if the client breaches an agreement or obligation to its counsel as to expenses or fees, or if the client engages in "other conduct [that] renders it unreasonably difficult for the member to carry out the employment effectively," such as a client's failure to communicate with his attorney. Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(d).

The Court has discretion regarding whether to grant a motion to withdraw, and an attorney's request to withdraw should be denied "where such withdrawal would work an injustice or cause undue delay in the proceeding." *Gong v. City of Alameda*, No. C 03-05495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (no prejudice or undue delay to client where counsel provided sufficient notice of its intent to withdraw and where no trial date had yet been set in the case). Here, the Court finds that good cause exists to grant the motion to withdraw. Counsel has attested that Plaintiff has failed to communicate with him despite counsel's efforts to reach him using various forms of communication since April 2015. (Del Beccaro Decl. ¶ 3.) This is a valid ground for withdrawal. Furthermore, although Plaintiff has been served with counsel's motion to withdraw, he did not object to the motion nor did he appear at the hearing to contest the motion to withdrawal. Lastly, there is no showing that withdrawal would work an injustice or cause undue delay, as the pleadings are already settled and the court has not yet entered an order setting a trial date and related case management deadlines.

Accordingly, counsel's motion to withdraw is granted, and attorneys Thomas G. Del Beccaro and Robert R. Pohls are relieved as counsel of record. Since Plaintiff Joseph G. McGill has not consented to the withdrawal and no substitution of counsel has been filed, all papers from the court and from other parties shall continue to be served on plaintiff's counsel for forwarding purposes until a substitution of counsel is filed. *See* Civil L.R. 11-5(b).

IT IS SO ORDERED.

Dated: January 22, 2016

KANDIS A. WESTMORE
United States Magistrate Judge